# The Chicago, Burlington & Quincy Railroad Company v. Helen Sammis, Administratrix.

1. NEGLIGENCE—*when not established.* Held, from the evidence in this case, that the negligence charged, consisting in the alleged failure of the defendant to keep a switch closed, was not established.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Adams County; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the November term, 1904. Reversed, with finding of fact. Opinion filed February 1, 1906.

JOSEPH N. CARTER and MATTHEW F. CARROTT, for appellant; CHESTER M. DAWES, of counsel.

BALL & SPARROW and INGHRAM & CREWDSON, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Ebenezer Sammis, a railroad engineer, was in the employ of the Chicago, Burlington & Quincy Railroad Company, and on July 31, 1898, while operating his locomotive received injuries, at what is called Meyer's switch near Quincy, from which he afterwards died. Helen Sammis as his administratrix brought this suit to recover damages, charging that the railroad company was negligent in carelessly and negligently failing to keep such switch closed while the locomotive engine on which deceased was employed was approaching and about to pass said switch; that by reason of and through the negligence and carelessness and failure of the railroad in that behalf deceased was injured, etc.

It appears from the evidence that one Tobin, a section hand employed by the railroad company, had a key in his possession that would unlock the hand-car house and also the switch in question and that he on one Sunday, while on a pleasure trip and while not in the performance of any duty he owed the company and not then engaged in any labor for or on behalf of the company, unlocked this switch and neglected to close it, by means of which the injury

complained of took place. As tending to establish the negligence charged in the declaration plaintiff upon the first trial in the Circuit Court offered to prove that Tobin frequently on Sundays took the hand-car to the switch in question and used the switch and that the railroad company in the use of ordinary care should have known of such practice. Under the issues presented it would seem that such proof was essential to a recovery, and upon an appeal this court held (Sammis v. C., B. & Q. R. R. Co., 97 App., page 28) that inasmuch as Tobin was not in the line of his duty that the railroad company was not responsible for his wrongful act done while in the pursuit of his own pleasure any more than it would be liable for the unauthorized act of a stranger, and further held that the offer made by plaintiff to prove that Tobin frequently on Sundays took the hand-car to this switch and used the same should have been received. This court also then held that if the railroad company had actual or constructive notice of such use of said switch and permitted or acquiesced in it, the railroad company would be liable for the negligence of Tobin. The case was then reversed by this court and remanded to the Circuit Court that plaintiff might be allowed to prove on the next trial that Tobin had so used such switch for such a length of time before the injury that from such use the railroad company in the exercise of ordinary care would be presumed to have known of such practice.

Upon the second trial, from which this appeal is taken, witness Vaughn, the section boss, testified that he never saw Tobin open a switch with the key. "The key was a foreign key. He just opened the car house with it if he was there ahead of me; that is the only use I ever saw him make of the key. At no time, to my knowledge, had Tobin ever used the key he had on any switch." Tobin testified, "I had had that key for about three months. I never used that key before in unlocking any switch. I did use it to unlock the hand-car house. I never unlocked Meyer's switch prior to this time." This testimony is in

substance all there was upon that subject and was in no way disputed. Appellee contends that the railroad company was guilty of negligence which was the proximate cause of the injury in not demanding and taking the key from Tobin since it "would" unlock the switch, and cite E. Tenn., V. and G. R. R. Co. v. Kane, 22 L. R. A., page 315, in support of that position. In that case the employee had been entrusted with the key by the employer which was the property of the employer and which, under the circumstances of that case, the servant had no right to retain; the court in substance holding that the railroad company was bound to exercise ordinary diligence to recover its switch keys from discharged employees. There is a marked distinction between the two cases. In the instance cited the company permitted a servant who, it seems, had been discharged from the service of the company, to have and retain a key which it owned and over which it could exercise exclusive and absolute control, but in the case at bar the key was not the key of the company, but was the individual property of Tobin. Certainly the company would not be charged with negligence in not demanding a key *which it did not own,* unless some one in charge of the company's affairs had notice that Tobin was making *improper* use of the key.

There is no evidence in this record to support that contention.

We do not think that a careful reading of the evidence as to the use of the hand-cars is sufficient to show negligence on the part of the company in such use. It is true that some witnesses testified to the use of the hand-car in a general way upon the railroad; but while this evidence may tend to show an occasional use of a hand-car upon the tracks by different persons, sometimes on business and sometimes not on business, and occasionally on Sunday, there is not one word of testimony to the effect that Tobin had ever used the switch in question prior to the time of the wreck, nor any one else, except in a proper manner.

No knowledge of the wrongful use of the switch can be imputed to the company upon such testimony.

The negligence charged must imply knowledge upon the part of the company of the wrongful use of the key by Tobin or the improper use of the switch by Tobin or others for such a length of time prior to the time of the injury that the company would be held to have impliedly acquiesced therein. There is no evidence at all in the case tending to show that state of facts, and the cause must be reversed.

Judgment must be reversed, and cause not remanded.

*Reversed, but not remanded.*

Findings of fact to be incorporated in the judgment of the court:

We find that appellant was not guilty of negligence contributory to injury and death of deceased.